**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

TYRONE YOUNG,

Plaintiff,

v.

CIVIL ACTION NO. 5:24-cv-00581

HECKARD,
*Warden*, and
HOLZAPFEL,
*Warden*, and
RN LAW and
RN TILEY and
RN PUGH and
BURDETTE,
*Counsular*, and
STAPLES,
*Unit Manager*, and
HARLESS,
*Case Manager*, and
CRADDOCK,
*Case Manager*, and
MILAM,
*Counsular*, and
DR. ROGER EDWARDS and
DR. BRADLEY,
*Doctor*, and
PA HUTCHINSON and
STENNETT,
*Unit Manager*, and
DUNBAR,
*Nurse*, and
HSA CRAWFORD and
HSA FAIN and
ADKINS,
*Chief Psychologist*, and
WHITED,
*Psychology*, and
DR. LANE and
PA COOPER,

Defendants.

UNITED STATES OF AMERICA

Interested Party.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Tyrone Young's *pro se* Objection [ECF 70] to the Order denying his Motion to Reconsider the Appointment of Counsel [ECF 26], entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, on December 17, 2025. [ECF 30]. The matter is ready for adjudication.

**I.**

This action arises from Mr. Young's alleged violations of his constitutional and civil rights pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) [*See* ECF 27]. This action has been referred to Magistrate Judge Aboulhosn for pretrial management and submission of a proposed findings and recommendations ("PF&R").

On June 2, 2025, Mr. Young filed a Motion for Appointment of Counsel. [ECF 10]. On August 18, 2025, Mr. Young filed a second Motion for Appointment of Counsel. [ECF 14]. On October 29, 2025, Magistrate Judge Aboulhosn denied the motions, reasoning (1) "there is no indication that Plaintiff lacks the capacity to present his claim," (2) "there is absolutely no indication that Plaintiff's medical conditions are interfering with his ability to present his claim," (3) Mr. Young "is a prolific filer, and has recently exhibited the ability to file multiple documents in at least three actions before this Court," and (4) his "incarceration . . . [and] lack of legal knowledge . . . do not satisfy the exceptional [circumstances] standard." [ECF 21 at 6–7]. On November 6, 2025, Mr. Young filed an additional Motion for Appointment of Counsel [ECF 24],

reasserting the following considerations warrant appointment of counsel: (1) his "serious" medical conditions, (2) the objective complexity of the case, and (3) the difficulty he would face conducting discovery while incarcerated. [ECF 24 at 1–2]. On November 7, 2025, Magistrate Judge Aboulhosn denied the motion for substantially the same reasons as previously recognized. [ECF 25; *see* ECF 21 at 6–7]. On November 17, 2025, Mr. Young filed a Motion to Reconsider Appointment of Counsel. [ECF 26]. Again, Magistrate Judge Aboulhosn denied the motion inasmuch as he concluded (1) "there is no indication this case is so complex as to justify the appointment of counsel," (2) "there is absolutely no indication that [Mr. Young]'s conditions are interfering with his ability to present his claim," (3) Mr. Young "is a prolific filer, and has recently and continuously exhibited the ability to file multiple documents in at least three actions before this Court," (4) his circumstances failed to "satisfy the exceptional standard," and (5) "[t]he mere fact . . . [Mr. Young] may not be able to find counsel willing to represent him [upon his release] . . . does not constitute a circumstance satisfying the exceptional standard." [ECF 30 at 2–3]. Mr. Young timely objected to the order in a filing dated December 31, 2025, which was filed on January 9, 2026. [ECF 70].

**II.**

Under *Federal Rule of Civil Procedure* 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id*. "A party may not assign as error a defect in the order not timely objected to." *Id*. "The district judge in the case must consider timely

objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.

## III.

Although he largely reiterates his arguments previously made, three substantive objections are discernible. Mr. Young objects to the Magistrate Judge's conclusion that Mr. Young's case did not present exceptional circumstances warranting appointment of counsel. He alleges his *Bivens* action is sufficiently complex inasmuch as it involves his "severe medical condition[s]" and allegations against "[twenty-three] individual defendants." [ECF 70 at 1]. Further, Mr. Young contends he will be unable to pay for legal representation due to his unemployment. [*Id.*]

It is within a district court's discretion to appoint counsel in civil cases. 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added); *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024). It is an abuse of discretion to deny a request for appointment of counsel when the case "presents exceptional circumstances." *Id.* (quoting *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989)). To determine whether a case presents exceptional circumstances, the Court inquires as follows: "(1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Id.* "If both questions are answered affirmatively, the case presents exceptional circumstances." *Id.* While the United States Court of Appeals for the Fourth Circuit has not provided a specific definition for "exceptional circumstances," when considering whether to appoint counsel, courts should consider the following factors: (1) "whether the plaintiff assert[s] a claim that is not frivolous," (2) "the

difficulty of the claim," and (3) "whether the plaintiff can represent the claim considering the skill required to do so and the plaintiff's individual abilities." *Id.*; *see generally Banks v. Gore*, 738 Fed. App'x. 766, 772 (4th Cir. 2018) (a plaintiff's "inexperience with the law and his prisoner status do not constitute an 'exceptional circumstance'"); *Louis v. Martinez*, 2010 WL 1484302, * 1 (N.D. W. Va. April 2, 2010) (denying appointment of counsel where inmate was housed in the special housing unit, subjected to continuous lock down, with restricted access to the law library and no opportunity to obtain legal assistance from fellow inmates). *But see Jenkins*, 109 F.4th at 248 (citing *Whisenant*, 739 F.2d at 163) ("[U]nder *Whisenant*, a plaintiff's lack of general education and legal knowledge could warrant appointment of counsel."); *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (exceptional circumstances presented where the claim was complex, and the plaintiff suffered from severe mental illness and was committed to a psychiatric facility without access to legal materials).

***A. Serious Medical Conditions***

First, Mr. Young contends his circumstances are exceptional such that they warrant appointment of counsel inasmuch as "his case involves a severe medical condition," and "[he] suffers from 'ample' mental and physical health problems that . . . make litigating his [claim] much more difficult." [ECF 70]. In support of his argument, Mr. Young cites the Bureau of Prison's ("BOP") Policy Statement 6031.04 to demonstrate his medical conditions affect his daily activity. [*Id.* at 1].

In assessing Mr. Young's Motion for Appointment of Counsel, Magistrate Judge Aboulhosn correctly concluded while he may have "presented a colorable claim," Mr. Young has not shown that any of his medical conditions "interfere[] with his ability to present his claim." [ECF 30 at 2]. Magistrate Judge Aboulhosn also correctly noted Mr. Young is a "prolific filer" who

has "recently and continuously exhibited the ability to file multiple documents in at least three actions." [*Id.* at 2–3 (citing Civil Action No. 5:23-00088; Civil Action No. 5:24-00581; and Civil Action No. 5:25-00107)]. Although Mr. Young may suffer from a number of physical and mental health conditions, his objections do nothing to move the needle regarding whether such conditions affect his "individual ability" or his "capacity" to present his claim -- particularly considering his successful self-representation thus far. [ECF 30 at 3]; *Jenkins*, 109 F.4th at 247–48. Therefore, Mr. Young's claimed medical conditions cannot justify his request for counsel inasmuch as he has not represented an exceptional circumstance.

***B. Case Complexity***

Second, Mr. Young objects to Magistrate Judge Aboulhosn's conclusion his claim was not complex enough and thus does not present "exceptional circumstances." [ECF 25 at 4]. He urges his case is complex inasmuch as (1) the claims involve "[twenty-three] individual defendants, [some of whom live out of state,] and a number of significant claims that are not the normal topic or discussion," (2) he is proceeding *pro se* while incarcerated, and (3) his "case is not easy." [ECF 70 at 1].

As noted by Magistrate Judge Aboulhosn in his second order denying Mr. Young's third Motion for Appointment of Counsel, while a party can acknowledge the complexity of a particular matter, "the mere finding that a case may be complex enough to justify an extension of time does not conclusively prove a case is 'complex' enough to justify the appointment of counsel." [ECF 25 at 3]. Further, Magistrate Judge Aboulhosn recognized Mr. Young's incarcerated status, stating it "will undoubtedly make it more difficult for him to pursue his case," but "these circumstances do not satisfy the exceptional standard." [*Id.* at 3–4]. Our Court of Appeals has also indicated "inexperience and incarceration alone do not warrant appointment of counsel." *Jenkins*,

109 F.4th at 249. Additionally, Mr. Young has offered no specific facts pertaining to the alleged "objective complexity" of his *Bivens* claim, nor has he illustrated how his allegations contained in his complaint were "unusually complex." *Id.* at 248. Therefore, Mr. Young has not demonstrated exceptional circumstances justifying the appointment of counsel based on the complexity of his claim.

***C. Inability to Retain Counsel***

Finally, Mr. Young objects to Magistrate Judge Aboulhosn's rejection of Mr. Young's alleged inability "to [find or] pay for an attorney to represent him," as an exceptional circumstance. [ECF 70 at 1].

Despite Mr. Young's contentions, "without a particular showing of need," the inability to retain counsel does not qualify as an "exceptional circumstance" warranting the appointment of counsel, as "many indigent civil litigants are unrepresented and incarcerated." *Gibbs v. Wexford Health Sources, Inc.*, No. 2:20-cv-00867, 2021 WL 850991, *2 (S.D. W. Va. March 5, 2021) (citation omitted). Therefore, Mr. Young has failed to establish "exceptional circumstances" indicating such appointment is necessary.

Accordingly, no part of Magistrate Judge Aboulhosn's order denying [ECF 30] Mr. Young's Motion to Reconsider Appointment of Counsel [ECF 26] is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

**IV.**

Based on the foregoing discussion, the Court **OVERRULES** Mr. Young's objection [**ECF 70**] and **AFFIRMS** Magistrate Judge Aboulhosn's Order. [**ECF 30**].

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: September 9, 2026

Frank W. Volk
Chief United States District Judge